967 F.2d 591
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Nadarajah THAVARAJAH, Petitioner,
v.
U.S. IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 91-70256.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 15, 1992.
Decided June 11, 1992.
 
 Before HUG, SKOPIL and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Nadarajah Thavarajah petitions for review of the order of the Board of Immigration Appeals ("BIA") denying his applications for asylum and withholding of deportation. Pursuant to our jurisdiction under 8 U.S.C. § 1105a, we affirm the BIA's decision and deny the petition for review.
 
 
 3
 * Thavarajah is a 34-year old single, male native and citizen of Sri Lanka. He bases his applications for asylum and withholding of deportation on his minority status as a Tamil and a Hindu, and his alleged fear of persecution at the hands of the majority Sinhalese Buddhist government.
 
 
 4
 On September 26, 1984 (the "first hearing") and December 6, 1985 (the "second hearing"), Thavarajah testified as to the basis for his alleged fear of persecution upon his return to Sri Lanka. The immigration judge ("IJ") found that Thavarajah established his statutory eligibility for asylum and withholding of deportation, and granted his applications accordingly. On the basis of its conclusion that Thavarajah's written asylum application and testimony at the hearings were inconsistent, the BIA vacated the decision of the IJ, finding that Thavarajah had failed to meet his burden of proving a well-founded fear of persecution. In re Thavarajah, No. Ahj-bmk-itc, at 6-7 (BIA Feb. 22, 1991).
 
 
 5
 Although "the BIA's ultimate decision not to grant relief" is reviewed for abuse of discretion, De Valle v. INS, 901 F.2d 787, 790 (9th Cir.1990), we review "the BIA's determination that an alien has failed to prove a well-founded fear of persecution" under the "substantial evidence" standard. Sanchez-Trujillo v. INS, 801 F.2d 1571, 1578 (9th Cir.1986). " 'Under the deferential substantial evidence standard' employed in our circuit, 'we may not reverse the BIA simply because we disagree with its evaluation of the facts, but only if we conclude that the BIA's evaluation is not supported by substantial evidence.' " De Valle, 901 F.2d at 790 (quoting Diaz-Escobar v. INS, 782 F.2d 1488, 1493 (9th Cir.1986)). "Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Turcios v. INS, 821 F.2d 1396, 1398 (9th Cir.1987). Moreover, notwithstanding the decision of the IJ to grant Thavarajah's applications, our "review is limited to the BIA's decision and thus we may not rely on the IJ's opinion in deciding the merits of [this] case." Castillo v. INS, 951 F.2d 1117, 1120 (9th Cir.1991).
 
 II
 
 6
 To qualify for asylum, Thavarajah must establish his status as a refugee within the meaning of 8 U.S.C. § 1101(a)(42)(A). Refugee status is granted to "one who is unwilling or unable to return to his homeland because of a well-founded fear of persecution on account of race, religion, political opinion, nationality, or membership in a particular social group." Rodriguez-Rivera v. INS, 848 F.2d 998, 1000 (9th Cir.1988). The well-founded fear standard, which is less stringent and "more generous than the clear probability [of persecution] standard applicable to a claim for withholding of deportation," id. at 1002, "includes both an objective and subjective component.... The subjective component requires that the fear be genuine, while the objective component 'requires a showing, by credible, direct, and specific evidence in the record, of facts that would support a reasonable fear that the petitioner faces persecution.' " Id. at 1001-02 (quoting Rebollo-Jovel v. INS, 794 F.2d 441, 443 (9th Cir.1986)).
 
 
 7
 The BIA denied Thavarajah's application on the ground that his "testimony and written asylum application contain too many inconsistencies to be persuasive or credible." In re Thavarajah, at 6. It is well established that "the BIA has the power to conduct a de novo review of the record, to make its own findings, and independently to determine the legal sufficiency of the evidence." Elnager v. INS, 930 F.2d 784, 787 (9th Cir.1991). This includes the power to make credibility determinations. Damaize-Job v. INS, 787 F.2d 1332, 1338 (9th Cir.1986).
 
 
 8
 Our review of the record satisfies us that the BIA's decision is based on substantial evidence. In his written application for asylum, Thavarajah indicated that he had never been detained, interrogated, convicted, or sentenced in any country, and that he feared persecution for participating in a demonstration against the Sri Lankan government in West Germany. At the first hearing, he indicated that he had been held in custody for half a day for helping Tamil riot victims, but had eluded authorities when they sought him a second time. He did not say that he was mistreated while in custody, but only that he was warned against further participation. At the second hearing, Thavarajah testified that he had twice been held in custody for his participation as head of a Tamil student organization--the first time for two to three days, and the second time for approximately a week. He also testified that he had been tortured both times.
 
 
 9
 The BIA concluded that "[t]hese inconsistencies are too pervasive to be attributable merely to interpreter error." In re Thavarajah, at 6. These were not "minor discrepancies ... that cannot be viewed as attempts by the applicant to enhance his claims of persecution." Damaize-Job, 787 F.2d at 1337. As such, the BIA's determination that Thavarajah was not credible is "substantially reasonable." De Valle, 901 F.2d at 792; see Berroteran-Melendez v. INS, 955 F.2d 1251, 1256 (9th Cir.1992) (upholding adverse credibility determination partly on basis of discrepancies between application for asylum and testimony); Saballo-Cortez v. INS, 761 F.2d 1259, 1263-64 (9th Cir.1985) (same).
 
 
 10
 Thavarajah argues that the IJ's finding that he was credible is entitled to great weight. It is true that the "IJ's credibility findings ... are accorded substantial deference," notwithstanding the fact that our review is limited to the BIA's decision. Castillo, 951 F.2d at 1120 n. 1. It is also true, however, that the BIA, "while conducting its independent de novo review, may in appropriate circumstances reject the IJ's credibility findings." Id. Because the IJ did not address the inconsistencies in Thavarajah's written application and testimony, the BIA's rejection of the IJ's credibility determination was reasonable.
 
 III
 
 11
 Thavarajah also contends that the BIA erred by "fail[ing] to consider all the pertinent facts ... which would establish his well-founded and clear probability of persecution." In particular, Thavarajah claims that the BIA ignored a letter from his parents explaining that the Sri Lankan army had shot many of his friends and searched his parents' home.
 
 
 12
 There is no support, however, for Thavarajah's contention that the BIA ignored this letter or the other evidence in support of Thavarajah's application. In rendering its decision, the BIA summarized the contents of the letter and other documents submitted by Thavarajah describing conditions in Sri Lanka. See In re Thavarajah, at 3-4. We must conclude, therefore, that the BIA considered this evidence. Although the BIA did not explicitly balance this evidence against its finding that Thavarajah's testimony was not credible, we have never held that it is required to do so. Cf. Barraza Rivera v. INS, 913 F.2d 1443, 1448-49 (9th Cir.1990) (BIA's failure to discuss background information submitted in support of application did not violate due process).[1]
 
 
 13
 Although the BIA based its denial of Thavarajah's application on its finding that he lacked credibility, we must consider the letter from Thavarajah's parents as well as the documentary background evidence in reviewing the decision of the BIA. See Turcios, 821 F.2d at 1398 ("The substantial evidence test is essentially a case-by-case analysis requiring review of the whole record.... The reviewing court must consider evidence contravening the agency's determination."). We conclude that the letter and other documentary evidence do not render the BIA's denial substantially unreasonable. Although the letter claims that the army has killed many of his friends and has searched for him, it does not serve to explain the discrepancies in Thavarajah's testimony. The same can be said for the other documentary evidence generally describing the racial and religious tension in Sri Lanka. We are satisfied from our independent review of the entire record that the BIA's decision that Thavarajah failed to present credible evidence of a well-founded fear of persecution was "substantially reasonable." De Valle, 901 F.2d at 792. Because the evidence presented was not credible, we also conclude that it was "not an abuse of discretion for the BIA to deny asylum." Saballo-Cortez, 761 F.2d at 1262.
 
 IV
 
 14
 "Having concluded that substantial evidence supports the BIA's determination that [Thavarajah] does not qualify for asylum, a fortiori the BIA's determination denying withholding of deportation was also correct." Rodriguez-Rivera, 848 F.2d at 1007. Accordingly, we affirm the decision of the BIA and deny Thavarajah's petition for review.
 
 
 15
 PETITION DENIED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Dragon v. INS, 748 F.2d 1304 (9th Cir.1984), is not to the contrary. In Dragon, we held that "the BIA, in determining whether to grant other forms of discretionary relief, is required to weigh all factors presented, both favorable and unfavorable. In such proceedings, the stated reasons for denying relief must reflect the BIA's consideration of all relevant factors." Id. at 1306 (citation omitted). The BIA's decision was not a denial of discretionary relief, but a finding that Thavarajah had failed to establish his statutory eligibility for asylum under 8 U.S.C. § 1101(a)(42)(A). See Barraza Rivera, 913 F.2d at 1449 (once petitioner establishes statutory eligibility for asylum, "the Attorney General may, as a matter of discretion, grant asylum"); see also Estrada v. INS, 775 F.2d 1018, 1021 (9th Cir.1985) (initial decision regarding statutory eligibility reviewed under substantial evidence test; ultimate grant or denial of asylum reviewed for abuse of discretion)